IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| A.B., | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 4:21-CV-00007-MSH |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**ORDER**

Pending before the Court is Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA") (ECF No. 28) and memorandum in support thereof (ECF No. 29). Counsel filed the motion for fees on November 29, 2021, requesting $4,172.66 for 19.55 total attorney work hours at a rate calculated for the date that time was billed. Memo. in Supp. of Mot. for Att'y's Fees 3, ECF No. 29. On December 3, 2021, the Commissioner filed a response wherein he does not object to the request for or amount of fees. Resp. to Mot. for Att'y's Fees 1, ECF No. 30. Given that there is no objection to the amount of fees, number of hours requested, or hourly rate, and that the Court finds the request reasonable, Plaintiff's request for fees in the amount of $4,172.66 is hereby **GRANTED**.

The Commissioner shall determine after entry of this Order whether Plaintiff owes a debt to the government that is subject to 31 U.S.C. §§ 3711 and 3716, which allow for the collection of a federal debt from the amount awarded to Plaintiff. If Plaintiff does owe

a debt to the Government, her EAJA fee award will be applied toward such debt by the Treasury Department's Offset Program, *see Astrue v. Ratliff*, 560 U.S. 586, 596-97 (2010), and the Commissioner shall notify the Treasury Department that if any funds remain after the EAJA fee award is applied to her debt, the Treasury Department should issue a check for the remaining funds made payable to Plaintiff and mail that check to Plaintiff's counsel.

If the Treasury Department determines that Plaintiff does not owe a Federal debt subject to setoff, the Commission may exercise its discretion to honor Plaintiff's pre-award attempt to assign EAJA fees and pay the awarded fees directly to Plaintiff's counsel, and shall act consistently with its stipulation that it will honor the assignment in the event Plaintiff's EAJA award is not subject to a setoff. *See McCullough v. Astrue*, 565 F. Supp. 2d 1327, 1332 (M.D. Fla. 2008) (pre-*Ratliff* decision finding that *Reeves v. Astrue*, 526 F.3d 732, 734-35 (11th Cir. 2008), does not prevent an assignment of fees).

SO ORDERED, this 7th day of December, 2021.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE